ORTIZ & ORTIZ, L.L.P.
127 Livingston Street, 2nd Floor
Brooklyn, New York 11201
Norma E. Ortiz
Tel. (718) 522-1117

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re

MARIE ACEVEDO,                                    Case No. 12-45771-jf

                          Debtor                   Chapter 13
--------------------------------------------------------x

**DEBTORS'S *EX PARTE* MOTION FIXING METHOD OF SERVICE AND SHORTENING THE NOTICE PERIOD FOR MOTION TO CONTINUE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362**

TO THE HONORABLE JEROME FELLER,
UNITED STATES BANKRUPTCY JUDGE:

Marie Acevedo (the "Debtor"), by her attorneys Ortiz & Ortiz, L.L.P., respectfully

represents:

## BACKGROUND

1.      The Debtor filed a chapter 13 case in the Northern District of Alabama on January

31, 2011, that was dismissed – at the Debtor's request – on March 22, 2012.  The Debtor

permanently relocated to New York after her prior case was filed, and filed her present Chapter

13 petition on August 7, 2012.

2.      The Debtor seeks the entry of an order that continues the automatic stay pursuant

to 11 U.S.C. § 362(c)(3).  If such an order is not entered on or before September 6, 2012, the stay

against property of the estate shall expire.  A copy of the Debtor's Motion to Continue the

Automatic Stay (the "Motion") is annexed as Exhibit A.

## **Relief Requested**

3.      For the reasons set forth in the Local Rule 9077-1 Affirmation annexed as Exhibit B, the Debtor requests that the Court enter the proposed ex parte order shortening the time required by the Federal Rules of Bankruptcy Procedure for a hearing on the Motion. The Debtor seeks the opportunity to prosecute her Chapter 13 case with the protection afforded by the automatic stay.  Without that protection, the Debtor may not be able to fulfill her goals of curing her mortgage arrears and satisfying all or a portion of her unsecured claims.

4.      Absent the entry of an order shortening the notice period, the Motion must be brought on no less than 14 days notice.  Such a notice period is beyond September 6th: the last date for the entry of an order continuing the automatic stay.

5.      Because of the time-sensitive nature of the Motion, the Debtor requests that the Court enter an order scheduling a hearing on the Motion before September 5th.  Alternatively, the Debtor requests that the Court enter an interim order continuing the automatic stay until the next hearing date available.  In addition, the Debtor requests that the Court authorize her to serve the Motion on the Chapter 13 Trustee, and any creditor known to assert a secured claim against the Debtor, by overnight mail, fax, or email, and notice all other creditors by regular mail.  For the reasons stated herein, and in the Motion, it is respectfully submitted that such notice should be deemed adequate under the circumstances of this case.

6.      No previous application for relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of an order granting the relief requested herein, and for any further relief deemed just.

Dated: Brooklyn, New York
      27 August 2012

<div align="right">

*S/ Norma Ortiz*
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
127 Livingston Street
Brooklyn, New York 11220
Tel. (718) 522-1117
Debtors's Counsel

</div>

**EXHIBIT A**

ORTIZ & ORTIZ, L.L.P.
127 Livingston Street, 2nd Floor
Brooklyn, New York 11201
Norma E. Ortiz
Tel. (718) 522-1117

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hrg. Date: |
| EASTERN DISTRICT OF NEW YORK | Time: |

---------------------------------------------------------x

In re

MARIE ACEVEDO,                                             Case No. 12-45771-jf

                                    Debtor                                             Chapter 13

---------------------------------------------------------x

### NOTICE OF HEARING ON DEBTOR'S MOTION TO CONTINUE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

        PLEASE TAKE NOTICE, that a hearing to consider the above captioned Debtor's Motion to Continue the Automatic Stay shall be conducted before Honorable Jerome Feller, U.S. Bankruptcy Judge, on **September \_\_\_\_\_, 2012** at \_\_\_\_\_.m. at 271 Cadman Plaza East, Brooklyn, New York 11201, or as soon thereafter as counsel can be heard.  The Debtor may request such other and further relief as is just and equitable.

        PLEASE TAKE FURTHER NOTICE, that any objection to the Motion must be in writing, and must state with particularity the grounds for the objection.  The objection must be filed with the Clerk of the Bankruptcy court electronically at www.nyeb.uscourts.gov and a copy of the objection must be served upon or delivered to 1)  Judge Feller's Chambers and 2) the undersigned counsel for the Debtor as to be received no later than three days before the hearing date.

Brooklyn, New York
August 27, 2012

                                   *S/ Norma Ortiz*
                                    Norma E. Ortiz
                                    Ortiz & Ortiz, L.L.P.
                                    127 Livingston Street
                                    Brooklyn, New York 11201
                                    Tel. (718) 522-1117
                                    Debtor's Counsel

ORTIZ & ORTIZ, L.L.P.
127 Livingston Street, 2nd Floor
Brooklyn, New York 11201
Norma E. Ortiz
Tel. (718) 522-1117

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re

MARIE ACEVEDO,                                    Case No. 12-45771-jf

                          Debtor                  Chapter 13

--------------------------------------------------------x

### DEBTOR'S MOTION TO CONTINUE THE AUTOMATIC STAY
### PURSUANT TO 11 U.S.C. § 362(c)

Marie Acevedo, by and through her attorneys Ortiz & Ortiz, L.L.P., hereby states as follows:

### Background

1.       The Debtor filed a chapter 13 case in the Northern District of Alabama on January 31, 2011, that was dismissed – at the Debtor's request – on March 22, 2012.  The Debtor permanently relocated to New York after her prior case was filed, and filed her present Chapter 13 petition on August 7, 2012.

2.       The Debtor owns a home in Alabama and has an interest in a home located in Rochester, New York.  She filed the instant case to attempt to cure her mortgage arrears on those properties and pay all or a portion of her unsecured debt.

3.       As set forth in the annexed Declaration of Changed Circumstances, the Debtor earns more income than she did when her prior case was commenced.  Moreover, two of her family members presently reside in the properties, and pay for much of the costs associated with

the properties.  The Debtor asserts that she had a lot of difficulty communicating with her former

counsel, and found it difficult to prosecute her case.  Her relocation to New York made that

communication more difficult.  The Debtor believes that with her increased income and her new

counsel, she can successfully prosecute her case.

<div align="center">RELIEF REQUESTED</div>

4.      The Debtor requests that the Court continue the automatic stay as to all of her

creditors as it applies to property of the estate pursuant to Bankruptcy Code Section 362(c)(3).

Section 362(c)(3) provides in relevant part that if a case is filed by a debtor within one year of a

case that was dismissed, the automatic stay shall expire within 30 days of the petition date unless

(a) the Debtor demonstrates that the automatic stay should be continued as to any and all

creditors, (b) the Debtor demonstrates that her case was filed in good faith, and (3) the Court

continues the stay, after notice and hearing, within the 30 day period following the petition filing

date.  Section 362(c)(3) establishes a presumption that a case was not filed in good faith

if, among other things, the debtor failed to file or amend her petition or other documents as

required by the Bankruptcy Code or the Court without substantial excuse, or failed to comply

with an adequate protection order.  The Debtor asserts that none of the presumptions of bad faith

apply to her in this case.

5.      For these reasons, and the reasons set forth in the attached Declaration, the Debtor

<div align="center">2</div>

respectfully requests that the Court grant her request to continue the stay, and grant such other

and further relief as is just.

Dated: Brooklyn, New York
      August 27, 2012

<div style="margin-left:45%">

*S/Norma E. Ortiz*
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
127 Livingston Street
Brooklyn, New York 11220
Tel. (718) 522-1117
Fax (718) 596-1302

</div>

**<u>Debtor's Declaration</u>**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

MARIE ACEVEDO,                                                    Case No.: 12-45771-jf

Debtor(s)
---------------------------------------------------------X                    Chapter 13

## <u>DECLARATION OF CHANGED CIRCUMSTANCES</u>

      Maria Acevedo, the above-captioned debtor, hereby swears as follows:

      1.      I filed a chapter 13 case in the Northern District of Alabama on January 31, 2011, where I previously resided.  My case was dismissed on March 22, 2012, and was closed on June 11, 2012.  Since I filed my prior case, I have relocated to New York.  My former attorney suggested that I move to dismiss my prior case, and I followed his advice.

      2.      I was able to confirm a plan in my prior case, but I had a lot of difficulty communicating with my prior lawyer.  For example, my mother owned a home in Rochester, New York, and I believe I co-signed her mortgage.  She passed away, and I needed assistance determining whether or not I am on the deed for the home.  I was never able to make that determination in my last case.  In addition, I kept proof of payment for all of my plan payments.  My former Chapter 13 Trustee informed the court that I had fallen behind on those payments.  I sought, but did not obtain, my attorney's assistance to resolve this issue.

      3.      Another example of my inability to communicate with my attorney is reflected in the documents attached as Exhibit A.  Attached are a copy of an amended plan prepared and filed for me that lists M & T bank as having a $90,000 secured claim against the Rochester property.  Also attached is the first page of M & T Bank's proof of claim, reflecting a claim of less than $23,000.  I repeatedly asked my former counsel to correct this error, and he never did.  Since I had no confidence that he was

representing my interests, I authorized him to move to dismiss my case.

4.      Since my last case, I have obtained additional income to help offset the cost of my property in Alabama and the property I believe I own in Rochester.  I have family members residing in those homes that are paying rent for their usage.  I did not have that additional income when my first case was filed.  I believe that with this additional income, and the help of my new attorney, I can successfully complete my case.  I have filed with new case in good faith, and with the intention of complying with my obligation as a debtor.  I also note that no motion to lift the automatic stay was filed in my prior case.

5.      I also declare that I filed the petitions and schedules required of me in my prior case; I complied with any court order regarding adequate protection (although I am not aware of any such order); I believe I complied with the terms of my prior plan; and I qualify to both obtain a discharge and fund a new Chapter 13 plan.

I swear under the penalty of perjury that the foregoing is accurate and true.


                                                                _S/Marie Acevedo_
Dated:  August 27, 2012                                         Debtor
Brooklyn, New York

**EXHIBIT B**
**Rule 9077-1 Declaration**

ORTIZ & ORTIZ, L.L.P.
127 Livingston Street, 2nd Floor
Brooklyn, New York 11201
Norma E. Ortiz
Tel. (718) 522-1117

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re

MARIE ACEVEDO,                                                      12-45771-jf

                              Debtor                              Chapter 13
---------------------------------------------------------x

### BANKR. E.D.N.Y. LOCAL RULE 9077-1 AFFIRMATION

   Norma E. Ortiz, a partner of Ortiz & Ortiz, L.L.P., counsel to the above-captioned debtor, hereby affirms as follows:

   1.  As set forth in greater detail in the annexed motion, the Debtor must obtain the entry of an order continuing the automatic stay before the 30 day period from the filing date has expired.  That period expires on or before September 6, 2012.

   2.  The Debtor's petition was filed on an emergent basis because the Debtor believed one of her properties had been noticed for sale by foreclosure auction.  However, the Debtor did not possess many of the documents needed to prepare all of her schedules and plan.  Her prior bankruptcy case was filed in Alabama, and the Debtor has had difficulty communicating with her prior counsel.  The Debtor did not complete and file her schedules, and related documents, until August 21, 2012.  The Debtor believes that she may amend her schedules at a later date.

   3.  The Debtor's motion for a continuance of the automatic stay is brought on shortened notice because our efforts were focused on completing the schedules and plan.  Once that process was completed, and I began to prepare the motion, I learned that the Debtor had left

the state to visit her family.  I could not obtain her approval of her Declaration of Changed

Circumstances until August 27th.

       I swear under the penalty of perjury that the foregoing is true and accurate.

Dated: August 27, 2012
Brooklyn, New York

                                         *S/Norma E. Ortiz*
                                         Norma E. Ortiz

**PROPOSED ORDER**

Norma E. Ortiz
ORTIZ & ORTIZ, L.L.P.
127 Livingston Street
Brooklyn, New York, 11201
Tel. (718) 522-1117
Email@ortizandortiz.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

MARIE ACEVEDO,                                               Case No. 12-45771-jf

                        Debtor(s).                          Chapter 13
----------------------------------------------------------------X

### *EX PARTE* ORDER FIXING METHOD OF SERVICE AND SHORTENING NOTICE PERIOD FOR HEARING ON DEBTOR'S MOTION TO CONTINUE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362

Upon the annexed Motion dated August 27, 2012, of Marie Acevedo ("Debtor"), seeking the entry of an Ex Parte Order Fixing Method of Service and Shortening Notice Period for Hearing on Motion to Continue Automatic Stay Pursuant to 11 U.S.C. Section 362 (the "Motion"); the Court having reviewed the annexed motion and supporting documents and determined that cause exists for the relief requested, and the Court having determined that the *ex parte* nature of the relief requested is appropriate under the circumstances, it is hereby

ORDERED, that the Motion is granted in all respects; and it is further

ORDERED, that a hearing on the Debtor's Motion to Continue the Automatic Stay Pursuant to 11 U.S.C. Section 362 (the "Hearing") shall be heard on the _____ day of September 2012, at _____ _.m., or as soon thereafter as counsel can be heard, before the Honorable Jerome Feller, United States Bankruptcy Judge of the United States Bankruptcy Court for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York  11201.  It is further

ORDERED, that service of this Order, all supporting papers, and the Debtor's Motion to Continue Automatic Stay Pursuant to 11 U.S.C. Section 362 on or before August ___ , 2012, upon the Chapter 13 Trustee and any creditor asserting a secured claim against the Debtor by overnight mail, email, or fax, and by regular mail upon all of the Debtor's remaining creditors shall be deemed good and sufficient notice of the Hearing; and it is further

ORDERED, that objections to the relief requested in the Motion to Continue Automatic Stay Pursuant to 11 U.S.C. Section 362, if any, shall be made in writing one day before the hearing or orally at the hearing.

Dated:  New York, New York
            August ___, 2012

_____
JEROME FELLER
U.S. BANKRUPTCY JUDGE