| | |
|---|---|
| ORTIZ & ORTIZ, L.L.P.<br>127 Livingston Street, 2nd Floor<br>Brooklyn, New York 11201<br>Norma E. Ortiz<br>Tel. (718) 522-1117 | Hearing Date: December 10, 2012<br>Time:  9:00 a.m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

MARIE ACEVEDO,

              Debtor(s)
-------------------------------------------------------X

Case No. 12-45771-jf

Chapter 13

## RESPONSE TO MOTION TO DISMISS CASE

Marie Acevedo (the "Debtor"), by and through her attorneys Ortiz & Ortiz, L.L.P., hereby responds to the Motion to Dismiss Case filed by the Chapter 13 Trustee (the "Trustee"). In support thereof, the Debtor states as follows:

1.      The Debtor filed her petition on August 7, 2012.  The Debtor owns a home in Alabama and a home in upstate New York.  Both homes are rented by family members.  She rents an apartment in the area known as Coney Island, in Kings County, New York.

2.      The Debtor previously filed a Chapter 13 petition in Alabama that was dismissed in 2012.  She resided in that state when her first petition was filed.

3.      One of the primary reasons for the Debtor's bankruptcy filing was her desire to cure the default in her mortgage loans on the Alabama property and the New York property.  The Debtor had suffered a loss of income prior to her obtaining employment in New York.  When she was able to generate sufficient income to maintain her properties, her attempts to pay her mortgage loans were rejected unless she paid the mortgage arrears in full.

A.     The Bar Date Is Important to the Debtor's Reorganization

4.     The Debtor has not filed an amended plan because she questions, among other things, the veracity of the claims filed in her previous case and her present case. Since the bar date presently expires on December 11, 2012, the Debtor does not know if any additional claims will be filed.

5.     *The Bank of America Claim:*  For example, three claims were filed in her previous case that assert secured mortgage loan claims against the Debtor and her properties. To date, only one of the alleged mortgagees has filed a proof of claim in the instant case: a proof of claim was filed by Bank of America, N.A. ("BOA"). The claim filed by BOA contains inconsistencies in the amounts sought, and appears to be inaccurate on its face. However, more importantly to the Debtor, the documents attached to the proof of claim differ from the documents attached to the proof of claim filed in the previous case.

6.     More specifically, the first proof of claim filed for this loan was filed by BAC Home Loan Servicing, L.P. The claim was supported by a copy of a note and a mortgage. A copy of the note is attached hereto as Exhibit A. The unendorsed note is made payable to Countrywide Home Loans, Inc. The proof of claim filed in the instant case by BOA is supported by a note that contains an endorsement by Michele Sjolander. A copy of the new note is annexed as Exhibit B.

7.     *The Wells Fargo Claim:*  In the prior case, an alleged secured claim was filed by Wells Fargo Bank, N.A. ("Wells"). The prior Chapter 13 Trustee objected to the Wells' claim on the ground that it had not proven it was a creditor of the Debtor, since no copy of the note was attached to the claim and the mortgage was executed in favor of Wachovia Mortgage Company.

Wells responded to the objection by asserting it would amend the claim. No such amendment is reflected in the claims register. Wells has not yet filed a proof of claim in this case.

8. The Debtor can not proceed with the prosecution of a plan until she can determine who, in fact, may properly assert a secured claim against her property. If the Court grants the Debtor additional time to resolve these issues, the Debtor intends to seek an order of the Court permitting her to conduct a Rule 2004 examination of Wells and BOA.

B. The Debtor Requests an Adjournment of the Motion to

9. The Debtor requests that the Court adjourn the Trustee's Motion to Dismiss and her confirmation hearing to permit her to determine whether any other claims will be filed, and permit her the opportunity to, among other things, determine the validity of the claims asserted against her.

10. The Debtor informed the undersigned by email that she made her plan payments incorrectly at first, but believes she has corrected her default by sending money orders for September, October, and November. The Debtor also informed the undersigned that she has set aside the amount needed to pay any monthly mortgage payment she is obligated to pay. The Debtor earns enough income to meet these obligations on a monthly basis. She just wants to ensure that the proper party will be receiving the payments.

11. The Debtor and her counsel have been unable to meet and confer to address the administrative issues raised by the Trustee before the return date of the Trustee's motion. The Debtor must provide the Trustee with proof of income, other than her wages, and amend her schedules. The Debtor's building was flooded during the storm, and the undersigned has had difficulty communicating with the Debtor since that time. But the Debtor earns no less than

$7,000 of net income a month, and she believes that she can successfully confirm and prosecute a plan of reorganization. The Debtor respectfully requests an adjournment to review all claims, and gather the information she needs to prosecute a plan of reorganization and pay the proper parties thereunder.

WHEREFORE, the Debtor requests that the Court grant the relief requested or grant such other relief as the Court deems just.

Dated: Dec. 10, 2012
Brooklyn, New York

*s/Norma E. Ortiz*
Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
127 Livingston Street
Brooklyn, New York 11220
Tel. (718) 522-1117
Fax (718) 596-1302
Debtor's Counsel

EXHIBIT A

Prepared by: DONNA BIOAN

# NOTE

JULY 27, 2006           HUNTSVILLE                              ALABAMA
[Date]                  [City]                                  [State]

682 Wade Rd SE, Owens Cross Roads, AL 35763-9120
[Property Address]

## 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 215,920.00    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
COUNTRYWIDE HOME LOANS, INC.
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    6.625 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS
(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the    FIRST           day of each month beginning on
SEPTEMBER 01, 2006    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on AUGUST 01, 2036    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 1,382.56

## 4. BORROWER'S RIGHT TO PREPAY
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED
(A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any monthly payment by the end of    FIFTEEN    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Page 1 of 2
VMP-SN (0207).01    CHL (010/04)(d)    VMP Mortgage Solutions, Inc. (800)521-7291

Initials:

Form 3200 1/01

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)  _____ (Seal)
MARIE ACEVEDO                  -Borrower                                  -Borrower
by and through Michel E. Brodowski
her attorney in fact
_____ (Seal)  _____ (Seal)
                               -Borrower                                  -Borrower

*[Sign Original Only]*

EXHIBIT B

Prepared by: DONNA BICAN

# NOTE

JULY 27, 2006         HUNTSVILLE         ALABAMA
[Date]                [City]             [State]

682 Wade Rd SE, Owens Cross Roads, AL 35763-9120
(Property Address)

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 215,920.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is
COUNTRYWIDE HOME LOANS, INC.
I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.625 %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the FIRST day of each month beginning on
SEPTEMBER 01, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on AUGUST 01, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $ 1,382.56

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any monthly payment by the end of FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

Initials:

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Page 1 of 2
VMP-5N (0207).01    CHL (08/04)(d)    VMP Mortgage Solutions, Inc. (800)521-7291    Form 3200 1/01




LOAN (

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

    If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC

BY: _Michele Sjolander_
MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal) _____ (Seal)
MARIE ACEVEDO                  -Borrower                                 -Borrower
by and through Michel E. Brodowski
her attorney in fact
_____ (Seal) _____ (Seal)
                               -Borrower                                 -Borrower

[Sign Original Only]

-5N (0207).01  CHL (10/04)          Page 2 of 2                          Form 3200 1/01